HIGGINS, Justice.
 

 The accused, Earl G. Williamson, was charged in four separate indictments returned by the Grand Jury of the Parish of Caddo, Louisiana, on October 2, 1939, with violating the provisions of Act 16 of 1920. The allegations in each indictment, for all legal purposes are the same and we quote one as representative of all of them:
 

 “ * * * being Police Juror in and for Ward Two of Caddo Parish, Louisiana, and a stockholder and officer and director of Williamson Motors, Inc., a Louisiana Corporation domiciled at Vivian, in Caddo Parish, Louisiana, was then and there interested directly and indirectly in a contract of sale whereby the said Williamson Motors, Inc., then and there sold and delivered to Tolice Jury of Caddo Parigh, Louisiana, one 1939 Chevrolet DeLuxe Town Sedan for Eight Hundred Ninety-nine and (899.45) Dollars, the payment of which came out of his Parish, *
 
 *
 
 st^ ”
 

 The defendant filed a motion to quash the indictments on the ground that they failed to set forth a crime known to the laws of this State, and particularly because the statute in question was unconstitutional. The district judge overruled the motion and the accused reserved a bill. The defendant was tried before Honorable J. H. Stephens, District Judge, who found him guilty and imposed a fine of $100 and costs in each instance, and further, in default of payment of said fines and costs, that the defendant serve a term of thirty days in the Caddo Parish jail on each conviction. Proper notice of his intention to apply to this Court to exercise its supervisory power was given to the District Attorney and the trial judge. Writs were granted by us with stay orders.
 

 The legal question presented here is identical with that decided by us this day in the case of State v. De Generes, La.Sup., 194
 
 *584
 
 So. 24, on February 5, 1940. From the views that we expressed there, it is clear that the indictments in the instant case are fatally defective and should be quashed.
 

 For the reasons assigned, the judgment and sentences of the district court are annulled and set aside and the indictments quashed.
 

 O’NIELL, C. J.,
 

 is of the opinion that the only question presented by the motion to quash the indictment in each of these cases is whether Act No. 16 of 1920 is unconstitutional.